**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KAREN LINDSEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **V.** | § | **NO. _____** |
| | § | |
| **GEOVERA SPECIALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendant GeoVera Specialty Insurance Company ("GeoVera") files this, its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

1.      On July 29, 2016, Plaintiff Karen Lindsey filed her Original Petition in the matter, styled *Karen Lindsey v. GeoVera Specialty Insurance Company*, Cause No. 2016-50414, in the 11th Judicial District Court of Harris County, Texas.  The lawsuit arises out of a claim Plaintiff made for damages to her property under an insurance policy issued by GeoVera.

2.      Plaintiff served GeoVera with a copy of the Original Petition on or about August 4, 2016.

3.      Removing Defendant files this notice of removal within 30 days of receiving Plaintiff's pleading.  *See* 28 U.S.C. §1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

**DEFENDANT'S NOTICE OF REMOVAL – PAGE 1**

4.     All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).   A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

5.     As required by 28 U.S.C. § 1446(a) and Rule 81 of the Local Rules, simultaneously with the filing of this notice of removal is an Index of Matters Being Filed, attached hereto as Exhibit "A."   A copy of the Electronic Docket Sheet is attached hereto as Exhibit "B."   A copy of the Civil Case Information Sheet is attached hereto as Exhibit "C."   A copy of Plaintiff's Original Petition is attached hereto as Exhibit "D."   A copy of the Civil Process Pick-Up Forms is attached hereto as Exhibit "E."   A copy of the Citation (Certified) as to Defendant is attached hereto as Exhibit "F."   A copy of the Return of Service as to Defendant is attached hereto as Exhibit "G."   A copy of Defendant GeoVera Specialty Insurance Company's Original Answer to Plaintiff's Original Petition is attached hereto as Exhibit "H."   Removing Defendant's list of the Parties to the Case and Counsel is attached hereto as Exhibit "I."

6.     Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

7.     This Court has jurisdiction over this action under 28 U.S.C. § 1332 in that there is diversity of citizenship between all parties in interest (Plaintiff and GeoVera) and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

8.     Consequently, Defendant GeoVera may remove this action pursuant to 28 U.S.C. § 1441.

9.     Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.  *See* Mem. & Order, *Mesa v. Nationwide Prop. & Cas. Co.*, No. 4:09CV01262 (S.D. Tex.

July 24, 2009) (denying motion to remand lawsuit against Nationwide and North Carolinian employee).

**Basis for Removal**

10.     Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

**A.     Diversity of Citizenship**

11.     Plaintiff is, and was at the time the lawsuit was filed, a resident of Harris County, Texas, and a citizen of the State of Texas.  *See* Pl's Original Pet. ¶ 1, attached hereto as Exhibit "D."

12.     Defendant was at the time this action was commenced, and still is, a citizen of the State of California.  Defendant is a corporation organized under the laws of the State of California and maintains its principal place of business in Fairfield, California.  Therefore, complete diversity of citizenship exists between Plaintiff and Defendant.

13.     Because Plaintiff is a citizen of Texas and Defendant is a citizen of California, complete diversity of citizenship exists in this matter.

**B.     The Amount in Controversy Exceeds $75,000.00**

14.     This is a civil action in which the amount in controversy exceeds $75,000.00.  In his complaint, Plaintiff alleges a variety of claims revolving largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property.  *See* Pl's Original Pet. ¶ 7-12, attached hereto as Exhibit "D."  Among other things, Plaintiff alleges that Defendant GeoVera breached the insurance policy number GC00003609, with a Dwelling Limit of $207,000.00, Other Structures Limit of $20,700.00, Personal Property Limit of $103,500.00, and Loss of Use Limit of $41,400.00, for the property located at 11551

Sagecanyon Drive, Houston, Texas 77089 (the property giving rise to the present dispute).  *See* Exhibit "J," Declaration of Rhonda J. Thompson, attached hereto and fully incorporated herein as if set out in full.  In determining the amount in controversy, the Court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

15.     In addition, Plaintiff's Original Petition seeks damages for breach of contract, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act. Plaintiff asks to be awarded damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Plaintiff claims that he is seeking "monetary relief over $100,000 but not more than $200,000." *See* Pl's Original Pet. ¶ 4, attached hereto as Exhibit "D."  Based on the limits of the underlying insurance policy and the allegations set forth in Plaintiff's Original Petition, the amount in controversy in this case exceeds the $75,000.00 jurisdictional requirement.

16.     Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

### Conclusion and Prayer

All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.  Accordingly, Defendant hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
Rhonda J. Thompson
State Bar No.:  24029862
Southern District No.:  17055

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:      (214) 871-8200
Facsimile:      (214) 871-8209
E-mail:          rthompson@thompsoncoe.com

**COUNSEL FOR DEFENDANT GEOVERA
SPECIALTY INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

This is to certify that on the 2nd day of September, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

James Willis
Daly & Black, PC
2211 Norfolk Street
Suite 800
Houston, Texas  77098
           *Counsel for Plaintiff*

/s/Rhonda J. Thompson
Rhonda J. Thompson