IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAREN LINDSEY, § | |
| § | |
| Plaintiff, § | |
| § | CASE NO. 4:16-cv-02695 |
| v. § | |
| § | |
| GEOVERA SPECIALTY INSURANCE § | |
| COMPANY § | |
| § | |
| Defendant § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Karen Lindsey ("Lindsey" or "Plaintiff"), the plaintiff herein, and Geovera Specialty Insurance Company ("Geovera") a defendant herein, and file this their joint discovery/case management plan in accordance with Rule 26 of the Federal Rules of Civil Procedure and this Court's September 21, 2016 order for conference deadline and disclosure of interested parties, Dkt. No. 4.

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

   The Rule 26(f) conference of the parties took place by telephonic conference on December 9, 2016. The following counsel attended the Rule 26(f) conference:

   For Lindsey:

   James W. Willis
   State Bar No. 24088654
   Southern District Bar No. 2553513
   DALY & BLACK, P.C.
   2211 Norfolk St., Suite 800

Houston, Texas 77098
Tel: (713) 655-1405
Fax: (713) 655-1587
State Bar No. 24088654
Southern District Bar No. 2553513
jwillis@dalyblack.com

For Geovera:

Rhonda J. Thompson
State Bar No: 24029862
Southern District Bar No. 17055
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: 214.871.8200
Facsimile: 214.871.8209
Email: rthompson@thompsoncoe.com

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

None.

3. **Briefly describe what this case is about.**

This is a first party insurance case. On or about January 8, 2016, a storm hit the Houston, Texas area damaging Plaintiff's house and other property. Plaintiff filed a claim with her property insurer, Defendant Geovera for those damages. Geovera assigned an adjuster to perform an inspection. Plaintiff alleges that Defendants conducted an inadequate investigation of the claim, undervalued and/or ignored covered damages, and ultimately wrongfully denied and/or underpaid the claim.

On September 21, 2015, Plaintiff brought suit against Defendants in the 11th District Court of Harris County, Texas. Defendant timely removed. Plaintiff contends that Geovera handled the claim. Her causes of action against Defendant include violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and a claim for breach of contract.

Plaintiff seeks recovery of extra-contractual and other damages including actual and economic damages, costs and expenses, attorneys' fees, pre and post- judgment interest and all other damages to which she may be justly entitled.

Defendant contends that it properly adjusted Plaintiff's property damage claim. Defendant also contends that Plaintiff has not identified any specific wrongful conduct by Defendant, nor has Plaintiff identified any specific misrepresentations made by Defendant. Thus, Defendant maintains that it fully satisfied its obligations under the policy and the law.

4. **Specify the allegation of federal jurisdiction.**

On September 2, 2016, Geovera removed this case to this Court, Dkt. No. 1. Geovera states that this Court has jurisdiction over this action under 28 U.S.C. § 1332 in that there is diversity of citizenship between all proper parties in interest (Plaintiff and Defendant Geovera) and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

7. **List anticipated interventions.**

The parties do not anticipate any interventions at this time.

8. **Describe class-action issues.**

None of which the parties are aware.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the**

**disclosures.**

The parties have not yet exchanged initial disclosures. They will do so within thirty (30) days of December 9, 2016, the conclusion of the Rule 26(f) conference.

**10.   Describe the proposed agreed discovery plan, including:**

   a.         **Responses to all the matters raised in Rule 26(f).**

   (1) The parties do not propose any changes in the timing, form, or requirement for disclosures under Ruler 26(a) and certify that all parties shall make the initial disclosures within thirty (30) days of December 9, 2016, the conclusion of the Rule 26(f) conference.

   (2) The subjects on which discovery may be needed include the nature, extent, and scope of Lindsey's alleged damages resulting from the January, 2016 storm event, the extent to which the Geovera policy affords coverage in favor of Lindsey for such damages, the claim handling conduct of Geovera and its adjusters, and the extent to which Lindsey has sustained damages as a result of the claim handling conduct of Geovera;

   (3) The parties do not anticipate extensive discovery regarding electronic records and, therefore, no special procedures are anticipated;

   (4) The parties do not anticipate any issues about claims of privilege and are not asking the Court to include an agreement with respect to same in an order at this time;

   (5) The parties are not requesting any other changes in the limitations on

    discovery imposed under the Federal Rules of Civil Procedure or the Local Rules for the Southern District of Texas, and do not propose any other limitations on discovery other than those set forth in the rules and the orders of this Court; and

  (6) There are no other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).

**b.**    **When and to whom the plaintiff anticipates he may send interrogatories.**

Lindsey intends to send written discovery to Defendant within 30 days of the conclusion of the Rule 26(f) conference.

**c.**    **When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates serving interrogatories on Plaintiff within the discovery period.

**d.**    **Of whom and by when the plaintiff anticipates taking oral depositions.**

Lindsey anticipates taking oral depositions beginning in March, 2017. These depositions may include the oral depositions of Geovera's corporate representatives and adjusters, Geovera's retained and non-retained expert witnesses, and possibly contractors and third-party witnesses with relevant knowledge. Plaintiff anticipates that these depositions will be completed prior to the end of the June 1, 2017 discovery deadline.

**e.**    **Of whom and by when the defendant anticipates taking oral depositions.**

        Geovera anticipates taking oral depositions beginning in March, 2017. These depositions may include Plaintiff and her representatives including but not limited to estimators, contractors, public adjusters, and appraisers, if any.

**f.**    **(i)**    **Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

        Lindsey will be prepared to designate experts and provide reports required by Rule 26(a)(2)(B) by March 21, 2017.

    **(ii)**    **Specify the date experts for defendant will be designated and their reports provided to opposing party.**

        Geovera will be prepared to designate experts and provide reports required by Rule 26(a)(2)(B) by April 21, 2017.

**g.**    **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date.  *See* Rule 26(a)(2)(B) (expert report).**

        Lindsey will take the depositions of the retained and non-retained expert witnesses of Geovera, and anticipates these depositions can be completed by the July 21, 2017.

**h.**    **List expert depositions the defendants (or opposing party) anticipate taking and their anticipated complete date.  *See* Rule 26(a)(2)(B) (expert report).**

        Geovera will take the depositions of Lindsey's retained and non-retained expert witnesses, and anticipates these depositions can be completed by July 21, 2017.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement regarding this discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Plaintiff attached written discovery on Defendants with its original petition, including Interrogatories, and Requests for Admissions, Productions, and Disclosure. However, this occurred prior to removal and therefore prior to the Rule 26(f) conference. Defendants have not served discovery requests on Plaintiff.

13. **State the date the planned discovery can reasonably be completed.**

    The parties anticipate discovery can reasonably be completed by June 1, 2017.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The undersigned counsel have discussed the possibility of an agreed mediation.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The undersigned counsel have discussed the possibility of an agreed mediation.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

    The parties agree the most reasonably suitable form of alternative dispute resolution for the claims at issue in this lawsuit is mediation.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to proceed before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Lindsey timely demanded a jury trial on December 8, 2016.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate it will take between sixteen and twenty-four hours to present the

evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

21. **List other pending motions.**

    None have been filed yet.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None of which the parties are aware.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

    Lindsey and Geovera certify that they have filed disclosures of interested persons. Geovera filed its Rule 7.1 disclosure of interested parties on December 1, 2016. Dkt. No. 5. Lindsey filed its Rule 7.1 disclosure of interested parties on December 7, 2016. Dkt. No. 6.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

    Richard D. Daly, Attorney-in-Charge
    State Bar No. 00796429
    Southern District Bar No. 20706
    William X. King
    State Bar No. 24072496
    Southern District Bar No. 1674134
    James W. Willis
    State Bar No. 24088654
    Southern District Bar No. 2553513
    Ana M. Ene
    State Bar No. 24076368
    Southern District Bar No. 1259986
    DALY & BLACK, P.C.
    2211 Norfolk St., Suite 800
    Houston, Texas 77098

2610630v1
08917.336

Tel: (713) 655-1405
Fax: (713) 655-1587
rdaly@dalyblack.com
wking@dalyblack.com
jwillis@dalyblack.com
aene@dalyblack.com

Counsel for the plaintiff,
Karen Lindsey

For Geovera:

Rhonda J. Thompson
State Bar No: 24029862
Southern District Bar No. 17055
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: 214.871.8200
Facsimile: 214.871.8209
Email: rthompson@thompsoncoe.com

| | |
|---|---|
| *\* /s/ James Winston Willis* | 12/30/16 |
| Counsel for Karen Lindsey | Date |

*Signed with permission

| | |
|---|---|
| */s/ Rhonda J. Thompson* | 12/30/16 |
| Counsel for Geovera Specialty Insurance Company | Date |